Scan Only

JOHN W. TULAC
Attorney at Law (#78201)
401 Harvard Avenue
Claremont, CA 91711
Telephone: 909-445-1100
Facsimile: 909-445-1104

Attorney for Plaintiff
NEW AMSTERDAM PROJECT MANAGEMENT
HUMANITARIAN FOUNDATION

FILED
2003 MAY 12 PM 4:15
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW AMSTERDAM PROJECT MANAGEMENT HUMANITARIAN FOUNDATION <br><br> Plaintiff <br><br> vs. <br><br> KEVIN B. CONNOLLY, KEITH MEYER, MEYER & CONNOLLY, LLP A Limited Liability Law Partnership <br><br> Defendants | SACV03-696 CJC (MLGx) <br> CASE NO: <br><br> COMPLAINT <br><br> Causes of Action <br>   Fraud <br>   Negligent Misrepresentation <br>   Breach of Fiduciary Duty <br>   Professional Negligence <br>   Accounting <br>   Constructive Trust <br><br> DEMAND FOR JURY TRIAL |

ENTERED ON ICMS
MAY 13 2003
CV

1

cv

PLAINTIFF ALLEGES:

## NATURE OF ACTION

1. On or about July 9, 2001, Plaintiff New Amsterdam Project Humanitarian Foundation of the Netherlands transferred ten million dollars ($10,000,000.00) to an account in the name of Hartford Holding Company at U.S. Bank in Anaheim, California as a deposit for an investment. The investment was not made as promised. Instead, Hartford Holding transferred the deposit to itself and others immediately after receiving it. Defendant Kevin B. Connolly falsely assured Plaintiff in writing that on the basis of his own due diligence the deposit was "secured and safe" when he knew or should have known that the deposit had been taken by Hartford and disbursed to others, including, Plaintiff believes, Defendants Connolly and Meyer & Connolly, LLP. Defendant Keith Meyer is named as a nominal defendant because it appears that Meyer & Connolly, LLP has been dissolved and that Defendant Meyer may have received funds traceable to Plaintiff's deposit prior to or as a result of the dissolution.

## PARTIES

2. Plaintiff is a non-profit corporation domiciled in the Netherlands.

3. Defendant Kevin B. Connolly is an attorney licensed to practice in California. His law office is located in Costa Mesa, California. Defendant Connolly has a record of prior discipline by the State Bar of California.

4.  Defendant Meyer & Connolly, LLP is a California limited liability law partnership between Defendant Connolly and Defendant Keith Meyer and is located in Costa Mesa, California. Defendant Meyer & Connolly, LLP may have dissolved. However, both Defendant Connolly and Defendant Meyer are still using the same phone numbers and address for the LLP. Defendant Connolly's wrongful acts or omissions occurred while he claimed to be a member of Defendant Meyer & Connolly, LLP and are therefore attributable to the limited liability law partnership.

5.  Defendant Keith Meyer is an attorney licensed to practice in the State of California. His current law office in Costa Mesa is listed with the State Bar of California as the same location of Defendant Connolly and Meyer & Connolly, LLP

## JURISDICTION AND VENUE

6.  Jurisdiction is based on diversity of citizenship under 28 U.S.C.A. 1332 in that the matter in controversy is between citizens of a state and a subject of a foreign state and the amount of controversy is in excess of $75,000.00, exclusive of interest and costs.

7.  Venue is proper under 28 U.S.C.A. 1391 within the Central District in that the Defendants have a principal place of business and/or reside in Orange County.

## COMMON FACTS AND ALLEGATIONS

8.  In 2001, Plaintiff contracted with Hartford Holding Corporation and Euro Capital Markets Ltd. to invest $10,000,000.00. Defendants Connolly and Meyer &

3

__cv__

Connolly LLP represented Hartford, and its principals, Margaret Laughrin and Clinton Holland. After Plaintiff made several unsuccessful attempts to deposit the investment amount in accounts at other banks designated by Euro Capital, Defendant Connolly arranged for U.S. Bank in Anaheim California to accept the deposit in an account in the name of his client, Hartford Holding Corporation.

9. On July 9, 2001, Plaintiff transferred the amount of $10,000,000.00 to the designated Hartford Holding account at U.S. Bank in Anaheim. Instead of investing the amount of the deposit as promised, Hartford Holdings converted the entire deposit for its benefit and the benefit of others, including Euro Capital and, according to Plaintiff's information and belief, Defendants Connolly and Meyer & Connolly, LLP. without Plaintiff's knowledge or consent, and continued until February 2003 to claim that the investment had been successfully placed.

10. When Plaintiff did not receive any return on investment as promised, it began to make inquiries about the status of the investment. Throughout 2001, Hartford Holdings represented that the investment had been placed but for various reasons the return on investment had been delayed. Later, Hartford Holdings represented that the investment returns had been wrongly held by Euro Capital, and identified accounts in Europe where the returns on investment were supposedly being held. Defendant Hartford's representations regarding the investment were made with Defendants Connolly's knowledge.

4

___cv___

11. In January 2002 Plaintiff sought written assurances from Defendant Connolly that the investment amount of $10,000,000.00 was still safe. On February 5, 2002 Defendant Connolly wrote that "[T]hrough my due diligence, I can assure you that the Foundation's money in the amount of $10,000,000.00 is completely secured and safe."

12. Thereafter, Defendant Connolly represented his client Hartford Holdings in the negotiation, documentation and execution of a "Master Agreement" dated March 11, 2002, between Plaintiff and Hartford Holdings by which the parties would cooperate to obtain the profits allegedly earned on Plaintiff's investment amount of $10,000,000.00. In the Master Agreement there is a specific representation of fact that the investment was successfully placed.

13. On February 9, 2003, Hartford Holdings admitted that it had used Plaintiff's investment amount of $10,000,000.00 for its own benefit and that of others by transferring various amounts from the deposit account at U.S. Bank. Plaintiff is informed and believes that Defendant Connolly and Defendant Meyer & Connolly, LLP received some of the money from Plaintiff's investment deposit.

14. On April Plaintiff made written demand on Defendants Connolly and Meyer & Connolly, LLP for an accounting and return of any money they received from Plaintiff's investment deposit. Defendants refused.

5

___cv___

## CAUSES OF ACTION

<u>COUNT ONE: FRAUD (Against Defendants Connolly and Meyer & Connolly, LLP)</u>

15. Plaintiff repeats the allegations of Paragraphs 1 through 14, as if set forth in full in this Paragraph.

16. On February 5, 2002, Defendant Connolly made representations of material fact as follows: that he had conducted "due diligence" and determined that Plaintiff's investment amount of $10,000,000.00 was "secured and safe."

17. Defendant Connolly's representations were in fact false as follows: Defendant Connolly did not conduct any due diligence to determine that the investment amount was secured and safe; the investment amount was not secured and safe, but rather had been converted by Hartford Holding and Euro Capital almost immediately after it was deposited for their own benefit and that of others, including, based on Plaintiff's information and belief, Defendants Connolly & Meyer & Connolly, LLP;

18. Defendant Connolly knew that his statements were false and that there were no reasonable grounds for believing the representations to be true.

19. Defendant Connolly made the representations with the intent to defraud Plaintiff and to induce Plaintiff to forebear any activity to recover the investment amount from Defendants or their client Hartford Holding.

20. At the time Plaintiff did not know the representations were false and believed them to be true. Plaintiff acted in justifiable reliance upon the truth of the representations.

21. Defendant Connolly represented Hartford Holding and actively participated in the negotiation, documentation, and execution of the "Master Agreement" dated March 11, 2002, by which Plaintiff and Hartford agreed to act jointly to obtain the profits from the investment that Hartford falsely claimed were being wrongly withheld from them. Defendant Connolly actively participated with his client in concealing from Plaintiff the true facts he was under a duty to disclose and by telling Plaintiff other facts to mislead Plaintiff and prevent plaintiff from discovering the following true facts regarding the investment amount: that the investment amount had not been "successfully placed," that there were no profits derived from the placement of the investment amount, that the investment amount was not intact secured and safe, and that the investment amount had been wrongfully converted by Defendants' client.

22. Defendant Connolly concealed the true facts with the intent to defraud and to induce Plaintiff to act jointly with Hartford Holding and to forebear from acting to demand return of the investment amount.

23. At the time Plaintiff was unaware of the concealed or suppressed facts and would not have acted as it did if Plaintiff had known the true facts.

24. In justifiable reliance upon Defendant Connolly's misrepresentation and concealment of material facts, Plaintiff was induced to believe that the investment amount was safe and secure and that others had wrongfully withheld its profits such that it cooperated with Hartford Holding to recover nonexistent profits instead of demanding the return of the investment amount that had been wrongfully converted by Hartford Holding. Thus, Defendant's client Hartford Holding and others have had over an additional year to dissipate Plaintiff's investment amount and Defendants have had the use and enjoyment of whatever fees they received from their client traceable to the investment amount.

25. Because of Defendant Connolly's wrongful misrepresentations and concealment of material facts, which conduct is attributed to Defendant Meyer & Connolly, LLP, Plaintiff has been damaged in the amount of $10,000,000.00. plus interest at the legal rate from and after February 5, 2002.

26. As additional damages against Defendant Connolly, Plaintiff alleges that Defendant Connolly is guilty of malice, fraud and oppression as defined in California Civil Code section 3294 and that Plaintiff should recover, in addition to actual damages, exemplary damages to make an example of and to punish Defendant Connolly in an amount three times the amount of actual damages awarded against Defendant Connolly.

COUNT TWO: Negligent Misrepresentation (Against Defendants Connolly and Meyer and Connolly, LLP)

27. Plaintiff repeats Paragraphs 1 through 17, 20, 21, 23, 24 and 25 as if set forth in full in this Paragraph.

28. Defendant Connolly negligently made false statements and should have known he no reasonable grounds for believing the representations were true.

29. Defendant Connolly negligently made the representations to induce Plaintiff to forebear any activity to recover the investment amount from Defendants or their client Hartford Holding.

30. Defendant Connolly negligently concealed the facts alleged in Paragraph 20 he was under a duty to disclose.

COUNT THREE: Breach of Fiduciary Duty (Against Defendants Connolly and Meyer & Connolly, LLP)

31. Plaintiff repeats the allegations of paragraphs 1 through 30, excluding Paragraph 26, as if set forth in full in this Paragraph.

32. Defendants Connolly and Meyer & Connolly voluntarily assumed a fiduciary duty to Plaintiff by responding to Plaintiff's inquiry on February 5, 2002, by the representation that he had conducted "due diligence" upon which he concluded the investment amount of $10,000,000.00 was secured and safe.

33. Defendants Connolly and Meyer & Connolly, LLP breached their fiduciary duty by failing to inform Plaintiff that it had not conducted due diligence to determine the true status of the investment amount, allowing Plaintiff to believe the investment amount remained "secured and safe" when in fact Defendants' client had wrongfully converted the money.

34. As a result of the breach of fiduciary duty, Plaintiff has been damaged in the amount of $10,000,000.00, plus interest at the legal rate from and after February 5, 2002.

## COUNT FOUR: Professional Negligence (Against Defendants Connolly and Meyer Connolly, LLP)

35. Plaintiff repeats Paragraphs 1 through 17, 20, 21, 23, 24, 25, 28, 29 and 30 as if set forth in full in this Paragraph.

36. Defendants Connolly and Meyer & Connolly performed legal services for their client Hartford Holding in such a way that by responding to Plaintiff with the representation that Defendant Connolly had conducted due diligence to determine that Plaintiff's investment amount was secured and safe, Plaintiff purported to receive the benefit of the due diligence.

37. Defendants Connolly and Meyer & Connolly negligently performed legal services by failing to conduct due diligence as represented, thus misleading the Plaintiff to believe that the investment amount was secured and safe such that it took

10

_cv_

no action in a timely manner against Defendants' client Hartford Holding and its principals. Furthermore, Defendants allowed Plaintiff to continue to believe that the investment amount was successfully placed, as represented in the "Master Agreement" of March 11, 2002, which was negotiated and documented in part by Defendant Connolly although he subsequently refused to sign it

38.  As approximate result of the professional negligence of Defendants Connolly and Meyer & Connolly, LLP, Plaintiff was damaged in the amount of $10,000,000.00, plus interest at the legal rate from and after February 5, 2002.

COUNT FIVE: Accounting (Against All Defendants)

39.  Plaintiff repeats the allegations of Paragraphs 1 through 38, as though set forth in full in this Paragraph.

40.  Plaintiff is informed and believes that Defendants received substantial fees from their client Hartford Holding from and after July 9, 2001 when Plaintiff deposited the investment amount at U.S. bank in Anaheim. Plaintiff is informed and believe that any attorney fees or other compensation paid to Defendants from and after July 9, 2001 were paid out of the investment amount of $10,000,000.00 that Defendant Connolly represented to be Secured and safe.

41.  Plaintiff is entitled to an accounting of all fees, costs and other compensation paid directly or indirectly by Hartford Holding and its principals Margaret Laughrin and Clinton Holland to Defendants from and after July 9, 2001. Such accounting

must include the source of each payment. If such amounts are traceable to Plaintiff's investment amount, plaintiff is further entitled to a declaration that such amounts are due and payable to Plaintiff.

42. Plaintiff has demanded an accounting but Defendants have refused to provide it on the grounds that any compensation they received from their client is protected under the attorney client privilege.

## COUNT SIX: Constructive Trust (Against All Defendants)

43. Plaintiff repeats the allegations of Paragraphs 1 through 42, as though set forth in full in this Paragraph.

44. For any amount paid to Defendants that can be traced to Plaintiff's investment amount, Plaintiff is entitled to a declaration of constructive trust over such amounts or, if converted by Defendants to tangible or intangible assets, such assets in its favor and the right to have those funds or assets enjoined from further use or disposal by Defendants pending the outcome of this legal action.

### PRAYER

WHEREFORE, Plaintiff prays for Judgment against Defendants Connolly and Meyer & Connolly jointly and severally as to Counts One through Four and all Defendants jointly and severally as to Counts five and Six as follows:

45. For damages of $10,000,000.00 or according to proof on Counts One through Four of the Complaint, plus interest at the legal rate from and after February 5, 2002.

46. For exemplary damages of three times the amount of actual damages awarded on Count One of the Complaint.

47. For an accounting of all amounts paid to Defendants by their client Hartford Holding from and after July 9, 2001, and a declaration that such amounts are payable to Plaintiff on Count Five of the Complaint.

48. For a constructive trust over such amounts paid to Defendants traceable to the investment amount or, if converted by Defendants to tangible or intangible assets, such assets in its favor as to Count Six

49. For costs of suit, and provisional and permanent relief and such further relief as the Court deems just.

///

///

///

///

///

///

///

## DEMAND FOR JURY TRIAL

50. Plaintiff demands trial by jury.

Date: May 2, 2003

JOHN W. TULAC, Attorney at Law

By: John W. Tulac
Attorney for Plaintiff
New Amsterdam Project Humanitarian Foundation