**ORIGINAL**

FILED - SOUTHERN DIVISION
CLERK, U S DISTRICT COURT

NOV 17 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

SEND
ENTER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW AMSTERDAM PROJECT MANAGEMENT HUMANITARIAN FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN B. CONNOLLY, et al., <br><br> Defendants. | CASE NO.: CV 03-696CJC (MLGx) <br><br> [~~PROPOSED~~] ORDER DENYING MOTION OF DEFENDANTS MARGARET LAUGHRIN AND HARTFORD HOLDING CORPORATION TO DISMISS, OR, IN THE ALTERNATIVE, TO SET ASIDE DEFAULT OF PARTIES |

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)



ENTERED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 22 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

On October 30, 2006 the motion of defendants Margaret Laughrin and Hartford Holding Corporation to dismiss, or in the alternative, to set aside default of parties came before this Court, the Honorable Cormac J. Carney, United States District Judge, presiding. Stephen C. Johnson of Dempsey & Johnson P.C. appeared on behalf of Plaintiff New Amsterdam Project Management Humanitarian Foundation, and Michael Lotta of the Law Offices of Michael Lotta appeared on behalf of defendants Margaret Laughrin and Hartford Holding Corporation. There were no other appearances. For the reasons set forth below, the Court denies the motion in its entirety.

1

Rule 55(c) of the Federal Rules of Civil Procedure provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The Ninth Circuit has held that three factors govern the granting of relief from default under Federal Rule of Civil Procedure 55(c), to wit: "whether the defendant's culpable conduct lead to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." [TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).]

Margaret Laughrin and Hartford Holding Corporation seek to argue that they were never validly served. However, the Court finds it unnecessary to rule on the claims of defective service of process because Margaret Laughrin and Hartford Holding Corporation waited too long to bring this motion. Before defendants Margaret Laughrin and Hartford Holding Corporation can be heard to contest service, they must make a threshold showing of due diligence. The record plainly establishes that even if there were any defect in service – and the Court makes no such ruling – the defendants have not raised any such issue in a timely fashion. The records before the Court establish that Margaret Laughrin and Hartford Holding Corporation were aware not later than September 28, 2005 that the plaintiff claimed to have effected personal service upon them and that the Court had entered their defaults based on the facial validity of the proofs of service filed by plaintiff. On October 6, 2005, John C. Mulvana, Esq. wrote to counsel for Plaintiff, stating: "I have received authority to file responsive pleadings on behalf of Ms. Laughrin and Hartford Holding. In the alternative, I have also been authorized to file the appropriate Motion(s) to relieve them of the Default improperly caused to be entered and, with Court approval, sanctions." (Declaration of Heather Noelte, Exh. 18.)

Mr. Mulvana's letter of October 6, 2005 evidences the fact that Laughrin and Hartford Holding Corporation were aware of the defaults and the need to file the instant motion at least one year before it was actually filed. Moreover, plaintiff

2

entered into a settlement with Laughrin and Hartford Holding Corporation's former attorney, defendant Kevin Connolly, in reliance on the fact that all remaining defendants are in default and none had sought relief from default. Accordingly, the Court finds plaintiff would suffer irreparable prejudice if Margaret Laughrin and Hartford Holding Corporation were permitted to seek relief from their defaults now after having willfully delayed in doing so for over one year.

Based on these findings, the Court need not address the other factors to be considered. The Court denies the motion of defendants Margaret Laughrin and Hartford Holding Corporation to dismiss, or, in the alternative set aside default of parties.

IT IS SO ORDERED.

DATED: November 17, 2006

By: _____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

Stephen C. Johnson (State Bar No. 145210)

Dempsey & Johnson P.C.

1880 Century Park East, Suite 516

Los Angeles, CA 90067

Counsel for Plaintiff New Amsterdam Project Management Humanitarian Foundation

3

# PROOF OF SERVICE

## (By Personal Service)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am over the age of 18 and I am not a party to the within action. I am employed by Fox Attorney & Messenger Service, Inc..

On November 1, 2006, I served the foregoing document(s) described as **[PROPOSED] ORDER DENYING MOTION OF DEFENDANTS MARGARET LAUGHRIN AND HARTFORD HOLDING CORPORATION TO DISMISS, OR IN THE ALTERNATIVE, TO SET ASIDE DEFAULT OF PARTIES**; by personally delivering true copies thereof to the following: [SEE ATTACHED SERVICE LIST]

I delivered such envelope(s) by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 1, 2006 at Los Angeles, California.

FOX ATTORNEY & MESSENGER SERVICE, INC.

Fermin Berrueta
Type or Print Name

_____
Signature

## SERVICE LIST

John C. Mulvana, Esq.
8001 Irvine Center Drive, Suite 735
Irvine, California 92618

Michael A. Lotta, Esq.
Law Offices of Michael A. Lotta
3645 E 4th Street, Suite A
Long Beach, CA 90814