# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| New Amsterdam Project Management Humanitarian Foundation,<br><br>Plaintiff,<br><br>vs.<br><br>Kevin B. Connolly, et al.,<br><br>Defendant. | CASE NO. 8:03-cv-00696-CJC-JCG<br>Assigned to Hon. Cormac J. Carney<br>Ctrm: 7C<br><br>**PROTECTIVE ORDER**<br><br>*[Filed concurrently with Stipulation for Proposed Protective Order]* |

WHEREAS, Plaintiff, New Amsterdam Project Management Humanitarian Foundation ("Plaintiff"), and non-party HSBC Bank USA, N.A. ("HSBC US") (collectively, Plaintiff and HSBC US shall be referred to as "Parties") have entered into the concurrently filed Stipulation through their respective counsel of record;

WHEREAS, the Parties recognize that certain documents and information relevant to the above-captioned action may contain commercially sensitive business, personal and/or private information, including without limitation confidential proprietary information, protected health information, personal identifying and financial information, the unrestricted disclosure or dissemination of which could subject them and/or other to commercial, competitive, and other injury that warrant special protection from public disclosure and improper use; and

WHEREAS, the Parties have reviewed and agreed on the terms of this Proposed Protective Order;

GOOD CAUSE NOW APPEARING THEREFOR, the Court hereby grants the Parties' request and enters the following Protective Order:

**A.   SCOPE.**

1.   <u>Plaintiff's Subpoena</u>:  Plaintiff has served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") that requires HSBC US to produce certain documents and things.

2.   <u>HSBC US Documents</u>:  HSBC US is not a party to this dispute, and has identified documents responsive to the Subpoena which include banking records for individuals and/or entities other than Plaintiff.

3.   <u>The Need For A Protective Order</u>:  A Protective Order is required to protect from disclosure confidential business, financial, or commercial information contained in certain documents of HSBC US, and testimony to be provided in deposition and/or trial by HSBC US. This Protective Order is limited to documents and testimony provided pursuant to the Subpoena or any subsequent subpoena

served on HSBC US for deposition or testimony at trial.  Nothing herein shall prevent the Court from issuing additional protective orders or from amending this Protective Order, either *sua sponte* or upon a showing of good cause.

4. <u>Includes Derivative Information</u>:  This Protective Order covers both Protected Materials, as well as any information copied or extracted therefrom, including any copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by a Party or Counsel.  However, Counsel need not produce, return, and/or destroy its own attorney work product, or that of co-counsel.

**B. DEFINITIONS.**

As used in this Protective Order, the following terms shall have the following meanings:

1. <u>Action</u>:  The above-titled proceeding, *New Amsterdam Project Management Humanitarian Foundation v. Kevin B. Connolly, et al.*, U.S. District Court for the Central District of California, Case No. 8:03-cv-00696-CJC-MLG.

2. <u>Counsel</u>:  Both Outside Counsel and In-House counsel.

3. <u>Designating Party</u>:  HSBC US.

4. <u>Discovery Material</u>:  All documents or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information, communications, recordings, graphs, charts, photographs, correspondence, memoranda, reports, summaries, notes and documents or information complied or abstracted from other documents or information, transcripts, recordings and videotapes of deposition and other testimony, declarations, affidavits and other sworn statements and other tangible things) that are produced or generated by HSBC US pursuant to the Subpoena and/or any testimony provided by HSBC US in deposition and/or trial in this Action.

5. <u>Protected Material</u>:  Any information that constitutes private personal, identifying, financial, or medical information; confidential commercial, financial,

proprietary, or personnel information or trade secrets, whereby the unrestricted disclosures or dissemination of such information to nonparties could adversely affect Plaintiff or HSBC US, or their respective business; or information that is subject to a preexisting written confidentiality agreement (regardless of how generated, stored or maintained); which may be designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only."

6. <u>Confidential Information</u>: Any Protected Material that constitutes sensitive or competitive information, the disclosure of which to a nonparty might harm HSBC US or a third party.

7. <u>Highly Confidential Information – Attorneys' Eyes Only</u>: Any Protected Material that constitutes extremely sensitive or competitive Confidential Information, the disclosure of which to a nonparty would likely harm HSBC US or a third party.

8. <u>Party Or Parties</u>: HSBC US, Plaintiff and any party to this Action, including its In-House Counsel, officers, directors, employees, consultants and experts (who have been retained or who counsel, in good faith, believe may be retained), and Outside Counsel (and their support staff).

9. <u>Producing Party</u>: HSBC US.

10. <u>Receiving Party</u>: Plaintiff.

11. <u>In-House Counsel</u>: Attorneys employed by a Party (as well as their support staffs, including, but not limited to, attorneys, paralegals, secretaries, law clerks, and investigators).

12. <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staff, including, but not limited to, attorneys, paralegals, secretaries, law clerks, and investigators).

13. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to

serve as an expert witness or as a consultant in this action (as well as their vendors and support staff).

14. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; court reporting; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; professional jury or trial consultants and mock jurors, etc.) and their support staff.

**C. DURATION.**

1. <u>This Protective Order Shall Survive The Termination Of This Action</u>: The obligations imposed by this Protective Order shall remain in effect until the Designating Party agrees otherwise in writing, or a court order directs or requires otherwise. The Court shall retain jurisdiction, even after the termination of this Action, to enforce this Order.

**D. DESIGNATING PROTECTED MATERIALS.**

1. <u>Use Of Good Faith In Designating Protected Material</u>: The Designating Party shall designate Protected Material in good faith, and shall not engage in blanket designations or indiscriminately designate Protected Material, to ensure that the Discovery Material is not over-designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only." Nor shall designations be made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on a Party). The Designating Party shall take care to limit any such designation to specific material which fits the designated category. The Designating Party shall designate for protection only those parts of Discovery Material that qualify, so that other portions of Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

2. <u>Designation Mistakes</u>: If designated Protected Material does not qualify for protection at all, or does not qualify for the level of confidentiality

initially designated, the Designating Party, upon discovering the mistaken designation, must promptly notify all other parties, and withdraw or amend the mistaken designation.

3. <u>Manner And Timing Of Designations</u>: Except as otherwise provided in this Protective Order, or as otherwise stipulated, or ordered by the Court, information that qualifies as Protected Material under this Protective Order must be clearly so designated before the material is disclosed or produced.

4. <u>Designation Requirements</u>:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the clear and permanent legend "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" at the top or bottom of each page that contains Protected Material before the document is produced. In cases where it is impractical to stamp or affix a legend to each page of a document, the Producing Party shall indicate on the face of the document that the entire document is either "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only."

(b) For information produced in electronic format, and for tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the clear and permanent legend "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only," or shall affix the appropriate legend to each page of the electronically produced information.

(c) For testimony given in deposition or in pretrial proceedings, whenever possible, the Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, all Protected Material which appears in the testimony, and shall indicate whether the testimony is designated "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only." For transcripts of depositions (including

**PROTECTIVE ORDER**
278315.2

exhibits), trial testimony or hearings, designation of the portions of the transcript (including exhibits) which contain "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information shall be made by letter from Counsel within 30 days of receiving the transcript. All Protected Material disclosed during a deposition shall be deemed to have been designated "Highly Confidential – Attorneys' Eyes Only" until the expiration of the 30-day period, whether or not any portion of the transcript was previously designated, except that the deponent may review the transcript of his or her own deposition during this 30-day period. Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall affix to the top of each such page containing Protected Material the permanent legend "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only," as instructed by Counsel for the Party or nonparty offering or sponsoring the witness or presenting the testimony. If the Designating Party fails to timely provide written notice regarding Protected Material that appears in testimony, the transcript will no longer be considered Protected Material; provided however that any exhibit marked in the course of testimony which had previously been designated to be Protected Material shall remain so protected.

**E.  CHALLENGING PROTECTED MATERIAL DESIGNATION.**

1. <u>Objections To Designations</u>: A Party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation at the time it is produced. Failure to challenge the designation shall not preclude a subsequent challenge thereto. The Party seeking to maintain the confidentiality of Protected Information pursuant to this Protective Order bears the burden of proving that Discovery Material contains Protected Information. In the event a Party objects to the designation of any Protected Material under this Protective Order, the challenging Party shall do so in good faith and begin the process by transmitting a letter or email to Counsel for the Designating Party identifying the specific information or items (or portions thereof)

which it contends were improperly designated and explaining the basis for its contention that the designation was not proper. The Designating Party shall respond by letter or email within 10 business days, and, if no change in designation is offered, shall explain the basis for the chosen designation. The challenging Party may then request a meet and confer to occur within 5 business days.

  2. <u>Designating Party To Apply To The Court</u>: The Court retains final authority to determine what Discovery Material qualifies as Protected Material subject to this Protective Order, and to remove the Protected Material designation as necessary to protect the public interest. Following the conclusion of the meet and confer, the Designating Party shall have 10 business days to apply to the Court for an order under Local Rules 37-1 – 37-4 asking the Court to rule on the designation. In the event that the Designating Party applies for a court order, the Protected Material shall continue to be treated as such pending resolution of the dispute by the Court. If the Designating Party fails to timely file an application for a court order regarding the designation of the Protected Material, the material shall no longer be deemed Protected Material subject to this Protective Order.

  3. <u>Re-Designation Pursuant To Court Order</u>: In the event that the Court rules that the challenged Protected Material was not properly designated, within 10 business days, the Designating Party, at its own expense, shall reproduce copies of all materials without the designation or with a lower designation, in accordance with the Court's ruling.

**F. INADVERTENT UNDER-DESIGNATION.**

  1. <u>Inappropriate Designation Of Confidential Information</u>: In the event that Protected Material which the Producing Party claims to be "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" is produced or disclosed without the appropriate designation, all such documents or items, and copies thereof shall, within 10 business days of receipt of written notice by the Producing Party claiming its Protected Material is included in the production, be

8
**PROTECTIVE ORDER**
278315.2

returned to the Producing Party, or shall be stamped by the Receiving Party "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only," as designated. The Receiving Party then may challenge the propriety of the designation, but the production of the information claimed to be "Confidential Information" or 'Highly Confidential – Attorneys' Eyes Only" without such a designation shall not constitute a waiver of the appropriate designation.

2. <u>Inadvertent Production Of Privileged Information</u>: Production of any Discovery Material by Producing Party who claims the Discovery Material should have been withheld on grounds of a privilege, including the work product doctrine or the attorney-client privilege, will not be deemed a waiver The Producing Party may request the return or destruction of any privileged document that it produced inadvertently by identifying the document and stating the basis for withholding such document from production. If the Producing Party requests the return or destruction of such a document pursuant to this section, the Receiving Party shall immediately comply with such request. After such a document is returned or destroyed pursuant to this section, the Receiving Party then may apply to the Court for an order compelling production of the document, if the Receiving Party disagrees that the Discovery Material contains privileged information. Such a motion to compel shall comply with the procedures set forth in the Local Rules for the United States District Court for the Central District of California, all orders in this Action, and any applicable chambers rules.

**G. ACCESS TO AND USE OF PROTECTED MATERIAL.**

1. <u>Basic Principles</u>: A Receiving Party may use Discovery Material only in connection with this Action. Such Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section K (FINAL DISPOSITION) below.

//

2. "Acknowledgment And Agreement To Be Bound:" Executed copies of the form entitled "Acknowledgment and Agreement to be Bound" (attached as Exhibit A) shall be retained by Counsel for a Party until at least 30 calendar days after the final termination of the Action.

3. Handling Of Protected Material: Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. For purposes of this Protective Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

4. Disclosure of "Confidential Information": Unless otherwise ordered by the Court or authorized in writing by the Designating Party, a Receiving Party may disclose information or an item designated "Confidential Information" only to the following:

(a) A Party, including its current officers, directors, and other employees of the Party, to the extent reasonably necessary for the prosecution or defense of claims, collection activities or discovery in aid of collection activities in this Action;

(b) Counsel of record for the Parties in this Action, including In-House Counsel and Outside Counsel;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for purposes of this Action provided that they have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(d) The Court and its personnel;

(e) Professional Vendors, provided that they have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(f) Any mediator selected by the Parties or the Court to mediate this litigation;

(g) Any insurer of a Party;

(h) The author, addressee, or recipient of the Confidential Information , or any other person who would have had access to such Confidential Information in the course of his/her employment;

(i) Any witness testifying at a deposition, or in advance of a deposition, whom any party in good faith believes may be a witness in this Action, provided that they have been given a copy of this Protective Order and have been instructed that this Protective Order forbids the witness from disclosing Confidential Information except as this Protective Order allows; provided that they are not given Confidential Information to retain permanently; and

(j) Any other person to whom the Designating Party agrees in writing or orally on the record, and any other person the Court orders be given access to the Confidential Information.

5. <u>Disclosure Of "Highly Confidential – Attorneys' Eyes Only" Information</u>: Unless otherwise ordered by the Court or authorized in writing by the Designating Party, a Receiving Party may disclose information or an item designated "Highly Confidential – Attorneys' Eyes Only" only to the following:

(a) The Receiving Party's Outside Counsel and In House Counsel, provided that they do not have any business responsibilities;

(b) Experts of the Receiving Party, to whom disclosure is reasonably necessary for this litigation, provided that they have signed the "Acknowledgment and Agreement to be Bound" (**Exhibit A**);

(c) The Court and its personnel;

(d) Professional Vendors, provided that they have signed the "Acknowledgment and Agreement to be Bound" (**Exhibit A**);

(e) Any mediator selected by the Parties or the Court to mediate this Action;

(f) Any insurer of a Party;

//

(g) The author, addressee or recipient of the information contained in the Highly Confidential – Attorneys' Eyes Only," material, or any other person who accessed the information in the course of his or her employment before this Action commenced;

(h) Any other person to whom the Designating Party agrees in writing or orally on the record, or any other person to whom the Court orders that access be given to the "Highly Confidential – Attorneys' Eyes Only" information;

(i) Any witness testifying at a deposition, or in advance of a deposition, any witness whom any Party in good faith believes may be a witness in this Action, provided that they have been given a copy of this Protective Order and have been instructed that this Protective Order forbids the witness from disclosing Highly Confidential – Attorneys' Eyes Only" information except as this Protective Order permits, provided that they are not given the information to retain permanently.

## H. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

1. <u>Notice To Designating Party</u>: If a Receiving Party is served with a subpoena or a court order issued in other litigation, or in an administrative agency proceeding that would compel disclosure of Protected Material, the Receiving Party must notify the Designating Party by letter or email within 5 business days after receiving the subpoena or court order. Such notification must include a copy of the subpoena or court order.

2. <u>Notice To Requesting Party</u>: The Receiving Party also must immediately inform in writing the party or person who caused the subpoena or court order to issue in the other litigation or administrative agency proceeding, that some or all the material sought by the subpoena or court order is the subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party or person in the other action that caused the

subpoena or order to issue.

**I.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

1.     <u>Procedures Following Inadvertent Disclosure Of Protected Material</u>: If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any Party or person, or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the Designating Party of the unauthorized disclosure in writing, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (**Exhibit A**).

**J.     FILING PROTECTED MATERIAL / EVIDENTIARY HEARINGS.**

1.     <u>Protected Material Not To Be Placed In The Public Record</u>:  Without first obtaining written permission from the Designating Party or a court order issued after statutory notice to all interested persons, including notice to HSBC US, a Party shall not file in the public record in this Action any Protected Material.  A Party that seeks to file with the Court any Protected Material subject to this Protective Order shall lodge the Protected Material under seal with the Court pursuant to the requirements of Local Rule 79-5.  The Designating Party then shall file an application and proposed order with the Court that justifies maintaining the document under seal pursuant to the requirements of Local Rule 79-5.  Parties shall request the filing under seal of only those portions of documents which contain Protected Material, and the Designating Party shall provide any declarations or other documentation necessary to support the request to file Protected Materials under seal.  If the Court declines to issue a sealing order, the Protected Material at issue may be filed in the public record, unless the Court directs otherwise.

2.     <u>Notice Before Introducing Protected Materials Into Evidence</u>:  Before any Party offers into evidence at any evidentiary hearing in the Action  Protected

Material that has been designated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only, such Party shall provide the Designating Party with notice of the Protected Material which it intends to offer, so as to afford the Designating Party an opportunity to object to the admission of such Protected Material. Absent a court order based upon a sufficient and particularized showing of cause, documents and things designated Confidential Information and Highly Confidential Information – Attorneys' Eyes Only shall not be made inadmissible pursuant to this Protective Order.

**K.   FINAL DISPOSITION OF PROTECTED MATERIAL.**

1. <u>Destruction Or Return Of Protected Materials</u>: Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 calendar days after the final termination of this Action, including post- Judgment collection activities, with the exception of attorney work product, each Receiving Party must return all Protected Material to the Producing Party. The Receiving Party may elect to destroy the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party shall submit a written certification to the Producing Party within the 60-day deadline that affirms compliance with this section, and affirms that the Receiving Party has not retained any copies, summaries or other forms of reproducing or capturing any of the Protected Material.

2. <u>Retention Of One Archival Copy</u>: Notwithstanding this section, Counsel are entitled to retain an archival copy of all pleadings, motion papers and exhibits, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material shall remain subject to this Protective Order.

**L.   MISCELLANEOUS.**

1. <u>Right To Further Relief</u>: Nothing in this Protective Order affects the

right of any person to seek modification by the Court upon noticed motion.

2. <u>Right To Assert Other Objections</u>:  Nothing in this Protective Order constitutes any waiver by any Party to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Protected Material covered by this Protective Order.

3. <u>Non-Application Of Order</u>: The restrictions set forth above shall not apply to documents or information designated "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" which (a) were, are, or become public knowledge, through actions not in violation of this Order; or (b) were, or are obtained independently by the Receiving Party.

4. <u>Amendment</u>:  This Protective Order may be amended by written agreement between Counsel for the Parties, subject to approval by the Court, or may be modified for good cause upon noticed motion with notice given to HSBC US, or by the Court *sua sponte*.

**IT IS SO ORDERED.**

Dated: January 29, 2019          HON. _____
                                 UNITED STATES MAGISTRATE JUDGE
                                 DOUGLAS F. MCCORMICK

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the Order solely for the purposes of the above-captioned action, and not to discuss or disclose any such materials or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Address: _____

Date: _____

Signature: _____

DATED: _____ _____

Print:

16
**PROTECTIVE ORDER**
278315.2